# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

EDWARD D. JONES & CO., L.P., )
)
    Interpleader Plaintiff, )
) Case No. 16-CV-741-JED-FHM
v. )
)
EQUITY TRUST COMPANY and )
ELIZABETH A. ZIGRANG, individually )
and as trustee of the Elizabeth A. Zigrang )
revocable trust dated June 25, 2003 )
)
    Defendants. )

## OPINION AND ORDER

Edward D. Jones & Co., L.P. (Edward Jones) filed an interpleader Complaint requesting that it be permitted to interplead into court the sum of $75,094.30 which it possesses and controls and as to which each of the defendants, Equity Trust Company (Equity Trust) and Elizabeth A. Zigrang is asserting a claim. (Doc. 2). Ms. Zigrang moves to dismiss the interpleader Complaint (Doc. 21). The following facts are alleged in the Complaint and are taken as true for purposes of the dismissal motion.

Ms. Zigrang is the trustee of a revocable trust in her name. She is a client of Edward Jones and has a brokerage account in the name of the Zigrang trust. On January 21, 2016, Equity Trust transferred, via wire transfer, a total of $235,368.36 into the Zigrang trust account. On October 28, 2016, Equity Trust sent a letter to Edward Jones, demanding that Edward Jones return $75,094.30 of the amount transferred months before, as a result of an alleged overpayment. Edward Jones conferred with Ms. Zigrang regarding the demand, and Ms. Zigrang disputes Equity Trust's claim for return of the funds. On November 11, 2016, Edward Jones responded to the Equity Trust demand letter and stated that Ms. Zigrang disputes the claim for return of the funds

and that, "[i]n light of these conflicting claims, Edward Jones is unable to send any funds" to Equity Trust. Edward Jones also "encourage[d] [Equity Trust] to provide Ms. Zigrang with the documentation she has requested as quickly as possible, and to work with her to attempt to resolve this dispute. Otherwise, we may need to file an interpleader action." Edward Jones copied Ms. Zigrang on the letter.

After a month passed without any notice of dispute resolution, Edward Jones filed this action under 28 U.S.C. § 1335, noting that the defendants have asserted conflicting claims to the funds, that Edward Jones has no claim to the funds, and "is unable to determine without hazard to itself, which of the defendants is entitled to the funds." Edward Jones requests that the Court direct Edward Jones to pay the disputed funds into the registry of the Clerk of Court, discharge Edward Jones from any further liability with respect to the funds and restrain and enjoin the defendants from bringing any claims or further proceedings against Edward Jones with respect to the claims to the funds.

Pursuant to Fed. R. Civ. P. 12(b)(1), Ms. Zigrang moves to dismiss for lack of subject matter jurisdiction. She asserts that the Uniform Commercial Code (UCC) governing wire transfers provides that Equity Trust has no claim to the funds and, at most, is left with a claim against Ms. Zigrang for damages based upon a theory of mistake and restitution. (*See* Doc. 21). Ms. Zigrang's argument is essentially that Equity Trust's assertion of rights to money from the trust account are meritless and amount to a prejudgment attachment on damages claims that should be limited to mistake and restitution. Her arguments, however, go well outside of the pleadings and would have the Court assume facts that have not been established. While there are circumstances under which the Court may consider evidentiary materials under Fed. R. Civ. P.

12(b)(1), Ms. Zigrang has not presented any with her motion. In response to the motion, Edward Jones asserts that it is not a "bank" subject to the UCC provisions cited by Ms. Zigrang.

Equity Trust has also responded to Ms. Zigrang's dismissal motion. Equity Trust notes that it has filed a Cross-Claim (Doc. 15) against Ms. Zigrang, to which she has responded by filing an Answer (Doc. 22) disputing Equity Trust's entitlement to recover $75,094.30. Equity Trust alleges that Ms. Zigrang had a Roth IRA account with Equity Trust, into which she deposited $75,094.30 on December 14, 2015. Equity Trust asserts that, two days later, it mistakenly entered a duplicate deposit of the same amount. A month later, Equity Trust transferred the entirety of funds from the Equity Trust Roth IRA account to Edward Jones via wire transfer, and that transfer included the $75,094.30 which had mistakenly been credited as a deposit, when in fact that amount had already been credited to her Roth IRA account.

Edward Jones asserts that its Complaint meets the requirements of interpleader, such that the Court has subject matter jurisdiction over this action. The Court agrees. "The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation . . . having in his or its custody or possession money or property of the value of $500 or more" to which "[t]wo or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property." 28 U.S.C. § 1335(a). Thus, "the key statutory requirements of interpleader jurisdiction are: (1) an identifiable stake, or res, valued at $500 or more; (2) against which adverse claims are brought." *In re Millennium Multiple Employer Welfare Benefit Plan*, 772 F.3d 634, 639 (10th Cir. 2014). "If those requirements are met, interpleader jurisdiction is proper. . . ." *Id.*

The Complaint alleges that Ms. Zigrang and Equity Trust, who are of diverse citizenship, have a dispute over which of them is entitled to the $75,094.30 that was included in the transfer to

3

Edward Jones. The Cross-Claim of Equity Trust and Ms. Zigrang's Answer thereto also make clear that Equity Trust and Ms. Zigrang dispute which of them is entitled to the $75,094.30 that was included in the wire transfer of the Roth IRA account funds to Edward Jones. Edward Jones disclaims any interest and wishes to take no position on the merits of which of the defendants is entitled to the funds. It is also undisputed that the requirements for diversity jurisdiction are met. Ms. Zigrang does not dispute the existence of diversity, which is averred in the Complaint. Likewise, in her Answer to Equity Trust's Cross-Claim, Ms. Zigrang admitted that the "Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy and pursuant to 28 U.S.C. § 1335 as the Complaint is in the nature of interpleader." (Doc. 15, ¶ 1; Doc. 22, ¶ 1). The interpleader requirements have been met. *See* 28 U.S.C. § 1335; *In re Millennium*, 772 F.3d at 639.

For the foregoing reasons, Ms. Zigrang's motion to dismiss for lack of subject matter jurisdiction (Doc. 21) is **denied**.

SO ORDERED this 27th day of September, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE